*send*

FILED
CLERK, U.S. DISTRICT COURT

MAY 15 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY ALBERT JIMENEZ, | ) | Case No. CV 99-3455-PJW |
| Plaintiff, | ) | |
| v. | ) | JURY INSTRUCTIONS |
| JANET RENO, et al., | ) | |
| Defendants. | ) | |

DOCKETED ON CM

MAY 18 2007

BY                    053

308

**JURY INSTRUCTION NO. 1.**

Ladies and gentlemen: It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may have said or done as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2.**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff claims that he suffered injury as a result of the deprivation under color of law of rights secured by the United States Constitution.  Specifically, plaintiff claims that he was subjected to excessive force in violation of the Fourteenth Amendment to the United States Constitution.  As a result, plaintiff claims that he is entitled to damages.

Defendants claim that plaintiff, while incarcerated in the county jail awaiting trial, engaged in behavior that endangered deputies, other prisoners and himself and had to be subdued.  Defendants contend they used only that degree of force necessary to subdue plaintiff and remove the danger to deputies, other prisoners and plaintiff, himself.

The plaintiff denies defendants' counterclaims and/or affirmative defenses.

3

1      **JURY INSTRUCTION NO. 3.**

2          The evidence you are to consider in deciding what the facts are

3   consists of:

4          1.    the sworn testimony of any witness;

5          2.    the exhibits which are received into evidence; and

6          3.    any facts to which the lawyers have agreed.

**JURY INSTRUCTION NO. 4.**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 5.**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**JURY INSTRUCTION NO. 6.**

Evidence may be direct or circumstantial.   Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.   Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence.   It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.   However, other evidence, such as a turned on garden hose, may explain that presence of water on the sidewalk.   Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

7

**JURY INSTRUCTION NO. 7.**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

8

**JURY INSTRUCTION NO. 8.**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. 9.**

A deposition is the sworn testimony of a witness taken before trial.   The witness is placed under oath to tell the truth and lawyers for each party may ask questions.   The questions and answers are recorded.   When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

**JURY INSTRUCTION NO. 10.**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTION NO. 11.**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

1   **JURY INSTRUCTION NO. 12.**

2     During deliberations, you will have to make your decision based

3 on what you recall of the evidence.  You will not have a transcript of

4 the trial.

**JURY INSTRUCTION NO. 13.**

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**JURY INSTRUCTION NO. 14.**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

**JURY INSTRUCTION NO. 15.**

2      The parties have agreed to certain facts that will be read to

3  you.   You should therefore treat these facts as having been proved.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 16.**

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**JURY INSTRUCTION NO. 17.**

Certain charts and summaries not received in evidence may have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**JURY INSTRUCTION NO. 18.**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 19.**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1     **JURY INSTRUCTION NO. 20.**

2     A verdict form has been prepared for you.  After you have reached

3 unanimous agreement on a verdict, your presiding juror will fill in

4 the form that has been given to you, sign and date it, and advise the

5 court that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 21.**

2      The protection of all people, including pretrial detainees, is

3  guaranteed under our Constitution, and is codified in the Fourth and

4  Fourteenth Amendments to the Constitution, as a result, pretrial

5  detainees have a right to be free from excessive force.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **JURY INSTRUCTION NO. 22.**

2      The plaintiff brings his claim under the federal statute, 42

3  U.S.C. Section 1983, which provides that any person or persons who,

4  under color of law, deprives another of any rights, privileges, or

5  immunities secure by the Constitution or laws of the United States

6  shall be liable to the injured party.

23

**JURY INSTRUCTION NO. 23.**

In order to prevail on his § 1983 claim against any individual defendant, the plaintiff must prove each of the following elements by a preponderance of the evidence:

    1.   the defendant acted under color of law; and

    2.   the acts of the defendant deprived the plaintiff of his particular rights under the laws of the United States or the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  I instruct you that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction number **24, 26** and/or **30** with respect to any individual defendant, your verdict should be for the plaintiff with respect to that offense.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant with respect to that offense.  You must evaluate the proof of each individual offense in relation to each individual defendant independently.

**JURY INSTRUCTION NO. 24.**

In order to prevail on his § 1983 claim against the supervisory defendants, John Franklin and Gilbert Duron, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   defendants Franklin and Duron acted under color of law;

2.   the acts of Ryan Bergner or Ricardo Pedroza who were Franklin's subordinates during the incidents on February 21, 1998, and/or the acts of David Sum, Tri T. Hoang, Ricardo Pedroza, or Jesse Rojas, who were Duron's subordinates during the incident on March 24, 1998, deprived the plaintiff of his particular rights under the laws of the United States or the United States Constitution as explained in later instructions; and

3.   (a)   the defendant knew, or reasonably should have known, that any individual subordinate or any number of his subordinates were engaging in this act or these acts and that such conduct would deprive the plaintiff of these rights; and

(b)   the defendant failed to act to prevent his subordinate or subordinates from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  I instruct you that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction number **26 and/or 30** with respect to defendants Bergner, Sum, and Hoang, or any of them, your verdict should be for the plaintiff with respect to that offense.  If, on the

1    other hand, the plaintiff has failed to prove any one or more of these
2    elements, your verdict should be for the defendant with respect to
3    that offense.   You must evaluate the proof of each individual offense
4    in relation to each individual defendant independently.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 25.**

In order to establish that the act or acts of any defendant deprived the plaintiff of his particular rights under the laws of the United States or the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the act was or acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

**JURY INSTRUCTION NO. 26.**

In general, force is unreasonable under the Fourteenth Amendment if it is excessive.

Under the Fourteenth Amendment, a deputy may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable deputy on the scene and not with the 20/20 vision of hindsight.

In determining whether the deputies used excessive force in this case, consider all of the circumstances known to the deputies on the scene, including:

1. The circumstances to which the deputies were responding;

2. Whether the plaintiff posed an immediate threat to the safety of the deputies or to others;

3. Whether the plaintiff was actively resisting arrest;

4. The amount of time and any changing circumstances during which the deputies had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to subdue the plaintiff;

7. The location in which the force was applied.

**JURY INSTRUCTION NO. 27.**

In addition to denying that any assault or batter by defendants proximately caused injury to plaintiff, defendants allege that any act or conduct of defendant that may have caused any injury or damage to plaintiff, at the time and place alleged, was committed or done following an unprovoked assault by plaintiff upon the person of defendant.  That is to say, defendant claims defendant acted within defendants' lawful right of self-defense.

A person upon whom an unprovoked assault is being made, or who has reasonable ground for believing, and does believe, that another person is about to inflict bodily injury upon that person, need not retreat, but may stand his ground and defend the integrity of his person.  Where in such self-defense of his person that person injures his assailant, the law holds there is legal justification, provided that person used no more or greater force or means than that person in fact believed to be reasonably necessary, and would appear to a reasonable person, under like circumstances, to be necessary, in order to prevent bodily injury to himself.

Self-defense is an affirmative defense to plaintiff's claim, and the burden of proving this defense, by a preponderance of the evidence in the case, is on defendants.

29

**JURY INSTRUCTION NO. 28.**

The parties have stipulated that the defendants acted under color of law.  Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

**JURY INSTRUCTION NO. 29.**

In deciding whether excessive force was used, you should consider the totality of the circumstances at the time.

**JURY INSTRUCTION NO. 30.**

Based on the above considerations, you must decide whether the defendants engaged in excessive force against the plaintiff during the incidents that took place on February 21, 1998; March 4, 1998; and March 27, 1998.

If you conclude that any defendant was present and had a realistic opportunity to intercede or prevent his colleagues from using excessive force against plaintiff, then that defendant is responsible legally for subjecting plaintiff to a deprivation of his constitutional rights.

32

**JURY INSTRUCTION NO. 31.**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's § 1983 claim, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants. You should consider the following:

    (a)   any physical pain and suffering experienced by the plaintiff; and

    (b)   any mental and/or emotional pain and suffering experienced by plaintiff.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**JURY INSTRUCTION NO. 32.**

Plaintiff seeks damages for physical and emotional injuries, which he claims resulted from the incidents at issue, for a period not exceeding six weeks after the last incident, i.e., six weeks from March 27, 1998, or May 15, 1998.

**JURY INSTRUCTION NO. 33.**

If you find for the plaintiff, you may, but are not required to determine whether punitive damages are appropriate.  The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded.  Punitive damages are only warranted only if you find that the defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the person who performs or fails to perform it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

35

**JURY INSTRUCTION NO. 34.**

The law which applies to this case authorizes an award of nominal damages.   If you find for the plaintiff, but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.   Nominal damages may not exceed one dollar.

36

**JURY INSTRUCTION NO. 35.**

The fact that one or more of the parties was not present at trial does not mean they were less interested in its outcome than any other party.   The absence of any party or parties from trial must not have any bearing upon your verdict.

37

**JURY INSTRUCTION NO. 36.**

You are instructed that the medical treatment of plaintiff, or lack of medical treatment, is not an issue in this case and must not be considered by you in reaching your verdict.   Plaintiff is not making a claim that he was provided with inadequate medical treatment, or that he was denied adequate medical treatment.